**COSTELLO & MAINS, LLC**
By: Daniel T. Silverman, Esquire
18000 Horizon Way, Suite 800
Mount Laurel, NJ 08054
(856) 727-9700
Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CLAYTON WOODS, | : | |
| | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION |
| vs. | : | |
| | : | |
| THE THOMPSON ORGANIZATION and | : | DOCKET NO: |
| JOHN DOES 1-5 AND 6-10. | : | |
| | : | |
| Defendants. | : | **COMPLAINT AND JURY DEMAND** |

Plaintiff, Clayton Woods, residing in in the State of New Jersey, by way of Complaint against the defendants, says:

### Preliminary Statement

This matter is opened to the Court pursuant to the Americans With Disabilities Act ("ADA") alleging disability discrimination and/or perception of disability of discrimination, and in violation of the Pennsylvania Human Relations Act ("PHRA").

### Jurisdiction and Venue

Jurisdiction of the Court is invoked to pursuant to 28 U.S.C. sec. 1331 and 1343(3), and the aforementioned statutory provisions.

Jurisdiction lies over the State law claims based on the principles of supplemental jurisdiction as codified at 28 U.S.C. sec. 1367.

1

All claims herein arose within the jurisdiction of the United States District Court for the Eastern District of Pennsylvania and involved a Defendant who resides within the jurisdictional limits.

Venue has accordingly been invoked pursuant to the dictates of 28 U.S.C. sec. 139(b) and (c).

Plaintiff exhausted his administrative remedies pursuant to his ADA and PHRA claims in that he filed a claim with the Equal Employment Opportunity Commission ("EEOC").

On August 28, 2020, Plaintiff was issued a Right to Sue Letter.

## Identification of Parties

1.     Plaintiff Clayton Woods is a resident of the State of New Jersey.

2.     Defendant The Thompson Organization owns and operates several automotive dealerships and service centers throughout the Commonwealth of Pennsylvania, including The Thompson Lexus Willow Grove Dealership located at 2560 Maryland Road, Willow Grove Pennsylvania.

3.     Defendants John Does 1-5 and 6-10, currently unidentified, are individuals and/or entities who, on the basis of their direct acts or on the basis of *respondeat superior*, are answerable to the plaintiff for the acts set forth herein.

## General Allegations

5.     Plaintiff began working for Defendant on or about October 21, 2019 as a sales representative.

6.     At all relevant times, Plaintiff performed up to or beyond the reasonable expectations of his employer.

7.      Plaintiff suffers from thoracic outlet syndrome which affects the space between the collarbone and the first rib.

8.      Plaintiff is disabled within the meaning of that term under the ADA.

9.      On or about January 13, 2020, Plaintiff was experiencing shoulder pain which progressively worsened throughout the morning.

10.     Upon arrival to work, Plaintiff informed sales manager Leslie Flippen about his increasing shoulder pain.

11.     Plaintiff advised that he needed to see his primary care physician.

12.     Ms. Flippen instructed Plaintiff to bring in a doctor's note following his visit.

13.     On or about January 14, 2020, Plaintiff returned to work and provided his doctor's note to Ms. Flippen.

14.     Joe Pisstilli, the general sales manager, questioned Plaintiff about whether he could perform his job duties.

15.     Plaintiff informed Mr. Pisstilli that he would have no issues performing his job duties.

16.     Mr. Pisstilli then responded by stating, "As long as you can do your fucking job it's okay."

17.     A short time later, Mr. Pisstilli called Plaintiff into his office with Flippen present.

18.     Mr. Pisstilli terminated Plaintiff's employment advising "We are going in a different direction."

19.     A determinative and/or motivating factor in Plaintiff's termination was his disability.

20.     In addition and/or in the alternative, a determinative and/or motivating factor in Plaintiff's termination was Defendants perception of Plaintiff as disabled.

21.     As a result of the conduct outlined above, Plaintiff was forced to suffer both economic and non-economic harm.

22.     Because the actions of the Defendants were egregious and because members of upper management participated in and/or were willfully indifferent to the same, punitive damages are warranted.

## COUNT I

## Disability Discrimination Under the ADA

23.     Plaintiff hereby repeats and re-alleges paragraphs 1 through 22, as though fully set forth herein.

24.     While working for the The Thompson Organization, Plaintiff suffered from a disability pursuant to the ADA.

25.     The conduct set forth above constitutes disability discrimination under the ADA and is the responsibility of the Defendants in compensatory damages for the reasons set forth above.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with compensatory damages, including emotional distress and personal hardship, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, equitable instatement and/or promotion and any other relief the Court deems equitable and just.

**COUNT II**

**Perception of Disability Discrimination Under the ADA**

26.     Plaintiff hereby repeats and re-alleges paragraphs 1 through 25, as though fully set forth herein.

27.     The conduct set forth above constitute perception of disability discrimination under the ADA and is the responsibility of Defendants in compensatory damages for the reasons set forth above.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with compensatory damages, including emotional distress and personal hardship, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, equitable instatement and/or promotion and any other relief the Court deems equitable and just.

**COUNT III**

**Disability Discrimination Under the PHRA**

28.     Plaintiff hereby repeats and re-alleges paragraphs 1 through 27, as though fully set forth herein.

29.     The conduct set forth above constitutes disability discrimination and is the responsibility of the Defendants in compensatory damages for the reasons set forth above in violation of the PHRA.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with compensatory damages, including emotional distress and personal hardship, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys'

fees, equitable back pay, equitable front pay, equitable reinstatement, equitable instatement and/or promotion and any other relief the Court deems equitable and just.

## COUNT IV

## Perception of Disability Under the PHRA

30.    Plaintiff hereby repeats and re-alleges paragraphs 1 through 29, as though fully set forth herein.

31.    The conduct set forth above constitutes perception of disability discrimination and is the responsibility of the Defendants in compensatory damages for the reasons set forth above in violation of the PHRA.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with compensatory damages, including emotional distress and personal hardship, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, equitable instatement and/or promotion and any other relief the Court deems equitable and just.

## COUNT V

## Request for Equitable Relief

32.    Plaintiff hereby repeats and re-alleges paragraphs 1 through 31 as though fully set forth herein.

33.    Plaintiff requests the following equitable remedies and relief in this matter.

34.    Plaintiff requests a declaration by this Court that the practices contested herein violate New Jersey law as set forth herein.

35.     Plaintiff requests that this Court order the Defendants to cease and desist all conduct inconsistent with the claims made herein going forward, both as to the specific Plaintiff and as to all other individuals similarly situated.

36.     To the extent that Plaintiff was separated from employment and to the extent that the separation is contested herein, Plaintiff requests equitable reinstatement, with equitable back pay and front pay.

37.     Plaintiff requests, that in the event that equitable reinstatement and/or equitable back pay and equitable front pay is ordered to the Plaintiff, that all lost wages, benefits, fringe benefits and other remuneration is also equitably restored to the Plaintiff.

38.     Plaintiff requests that the Court equitably order the Defendants to pay costs and attorneys' fees along with statutory and required enhancements to said attorneys' fees.

55.     Plaintiff requests that the Court order the Defendants to alter their files so as to expunge any reference to which the Court finds violates the statutes implicated herein.

56.     Plaintiff requests that the Court do such other equity as is reasonable, appropriate and just.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with compensatory damages, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, and any other relief the Court deems equitable and just.

**COSTELLO & MAINS, LLC**

**By: /s/Daniel T. Silverman_____**

Dated:  October 30, 2020                              **Daniel T. Silverman**

## DEMAND TO PRESERVE EVIDENCE

1.        All defendants are hereby directed and demanded to preserve all physical and
electronic information pertaining in any way to plaintiff's employment, to plaintiff's cause  of
action and/or prayers for relief, to any defenses to same, and pertaining to any party, including,
but not limited to, electronic data storage, closed circuit TV footages, digital images, computer
images, cache memory, searchable data, emails, spread sheets, employment files, memos, text
messages and any and all online social or work related websites, entries on social networking
sites (including, but not limited to, Facebook, twitter, MySpace, etc.), and any other information
and/or data and/or things and/or documents which may be relevant to any claim or defense in this
litigation.

2.        Failure to do so will result in separate claims for spoliation of evidence and/or for
appropriate adverse inferences.

**COSTELLO & MAINS, LLC**


**By:  /s/Daniel T. Silverman_____**
            **Daniel T. Silverman**


## JURY DEMAND

Plaintiff hereby demands a trial by jury.

**COSTELLO & MAINS, LLC**



**By:  /s/Daniel T. Silverman_____**
            **Daniel T. Silverman**

## <u>DESIGNATION OF TRIAL COUNSEL</u>

Daniel T. Silverman, Esquire, of the law firm of Costello & Mains, LLC, is hereby-

designated trial counsel.

**COSTELLO & MAINS, LLC**


**By:  /s/Daniel T. Silverman_____**
**Daniel T. Silverman**