IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CLAYTON WOODS,<br><br>        *Plaintiff,*<br><br>    v.<br><br>THE THOMPSON ORGANIZATION and JOHN DOES 1-5 AND 6-10,<br><br>        *Defendants.* | CIVIL ACTION<br>NO. 20-5479 |

**PAPPERT, J.**                                                                                                                   April 1, 2021

## MEMORANDUM

Clayton Woods sued The Thompson Organization and numerous John Does alleging violations of the Americans with Disabilities Act and the Pennsylvania Human Relations Act after he was fired from Thompson. Thompson moves to dismiss the Complaint and the Court grants the Motion for the reasons that follow.

I

A

Woods suffers from thoracic outlet syndrome, "which affects the space between the collarbone and the first rib." (Compl. ¶ 7, ECF 1.) He worked for Thompson, which owns and operates several car dealerships and service centers in Pennsylvania, as a sales representative from October 21, 2019 until he was terminated in 2020. (*Id.* at ¶¶ 2, 3, 17–18.)

On or around the morning of January 13, 2020, Woods experienced progressively worsening shoulder pain and told sales manager Leslie Flippen he needed to see a doctor. (*Id.* at ¶ 9–10.) Flippen told Woods to bring a doctor's note to work following

his visit, which Woods did on or around January 14. (*Id.* at ¶¶ 12–13.) That day, general sales manager Joe Pisstilli asked Woods if he could perform his job duties. (*Id.* at ¶ 14.) Woods answered he "would have no issue performing," and Pisstilli responded "[a]s long as you can do you f****** job it's okay." (*Id.* at ¶¶ 15–16.)

A "short time later," Pisstilli called Woods into his office and fired him. (*Id.* at ¶ 17–18.) Pisstilli explained "[w]e are going in a different direction." (*Id.* at ¶ 18.)

B

On November 3, 2020, Woods filed his Complaint asserting disability discrimination claims under the ADA and PHRA against Thompson and John Does 1-5 and 6-10, "individuals and/or entities who, on the basis of their direct acts or on the basis of *respondeat superior*, are answerable to plaintiff." *See* (*id.* at ¶¶ 3, 26–31). Thompson argues Woods has not adequately pled his claims because he has not sufficiently alleged that he is "disabled" under the ADA, that Thompson regarded or perceived him that way or that he was discriminated against because of a disability. (Mem. in Support of Mot. to Dismiss 4–7, ECF 5-1.)[1]

II

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to contain "a short and plain statement that the pleader is entitled to relief." This Rule is intended to

---

[1] Thompson's Motion is purportedly also on behalf of the Doe Defendants. *See* (Mot. to Dismiss, ECF 5). But there is no apparent "procedural basis on which an unidentified party can appear in a lawsuit and assert a defense without revealing his or her identity." *Pitre v. City of Eunice*, No. 6:14-cv-02843, 2015 WL 3648763, at *1 (W.D. La. June 10, 2015); *cf. Perez v. City of Hastings, Nebraska*, No. 4:16-cv-3158, 2017 WL 1066574, at *4 (D. Neb. Mar. 21, 2017) ("The Court also questions whether the named City and County defendants and their counsel have authority to respond for the as yet unidentified Doe defendants in their individual capacities and seek dismissal on their behalf.") The Court thus need not address counsel's arguments unique to the Doe Defendants.

"'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests'" and does not require "detailed factual allegations." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). But it "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* A plaintiff must make a " 'showing,' rather than a blanket assertion, of entitlement to relief" that rises 'above the speculative level.'" *McTernan v. City of York*, 564 F.3d 636, 658 (3d Cir. 2009) (quoting *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 231–32 (3d Cir. 2008)).

To survive dismissal under Rule 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the facts pled "allow[] the court to draw the reasonable inference that [a] defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

When a complaint includes well-pleaded factual allegations, a court "should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (quoting *Iqbal*, 556 U.S. at 679). However, this "presumption of truth attaches only to those allegations for which there is sufficient factual matter to render them plausible on their face." *Schuchardt v. President of the United States*, 839 F.3d 336, 347 (3d Cir.

2016) (internal quotation and citation omitted). "Conclusory assertions of fact and legal conclusions are not entitled to the same presumption." *Id*. This plausibility determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. (quoting *Connelly*, 809 F.3d at 786–87).

### III

The ADA makes it unlawful for an employer to "discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). To plead a claim of disability discrimination under the ADA or PHRA, a plaintiff must allege "(1) [he] is a disabled person within the meaning of the ADA; (2) [he] is otherwise qualified to perform the essential functions of the job, with or without reasonable accommodations by the employer; and (3) [he] has suffered an otherwise adverse employment decision as a result of discrimination." *Eshleman v. Patrick Indus.*, 961 F.3d 242 (3d Cir. 2020) (quoting *Taylor v. Phoenixville School Dist.*, 184 F.3d 296, 306 (3d Cir. 1999)).[2] Woods has not stated a claim under the ADA or PHRA because he fails to allege he is disabled under either statute.

The ADA defines a "disability" as "(A) a physical or mental impairment that substantially limits one or more major life activities of [an] individual; (B) a record of such impairment; or (C) being regarded as having such an impairment." 42 U.S.C.

---

[2] "The PHRA is basically the same as the ADA in relevant respects and 'Pennsylvania courts . . . generally interpret the PHRA in accord with its federal counterparts." *Rinehimer v. Cemcolift, Inc.*, 292 F.3d 375, 382 (3d Cir. 2002) (citing *Kelly v. Drexel Univ.*, 94 F.3d 102, 105 (3d Cir. 1996)).

§ 12102(1). Through the ADA's amendments, Congress mandated the term "disability" should be "construed in favor of broad coverage of individuals." *Id.* at § 12102(4)(A).

When a plaintiff claims he suffers an actual disability, he must allege "the degree of limitation caused by the impairment and the nature of the alleged impairment at the time of his termination." *Koller v. Riley Riper Hollin & Colagreco*, 850 F. Supp. 2d 502, 513 (E.D. Pa. 2012). Although he need not "go into particulars about the life activity affected by [his] alleged disability," *Fowler v. UPMC Shadyside*, 578 F.3d 203, 213 (3d Cir. 2009), he must show that the impairment created an "important" limitation. *Koller*, 850 F. Supp. 2d at 513 (citations omitted). "An impairment need not prevent, or significantly or severely restrict, the individual from performing a major life activity in order to be considered substantially limiting," but "not every impairment will constitute a disability" within the meaning of the statute. 29 C.F.R. § 1630.2(j)(1)(i). Qualifying major life activities which may be substantially limited by an impairment include, *inter alia*, "caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, sitting, reaching, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communication, interacting with others and working." *Id.* at § 1630.2(i)(1)(i); *see also* 42 U.S.C. § 12102(2)(A). "With regard to working, the regulations state that an individual is 'substantially limited' if there is a significant restriction in a person's 'ability to perform either a class of jobs or a broad range of jobs in various classes as compared to the average person having comparable training, skills and abilities.'" *Eshelman v. Agere Sys.*, 554 F.3d 426, 435 (3d Cir. 2009) (quoting 29 C.F.R. § 1630.2(j)(3)(i)).

When a plaintiff claims he was "regarded as" impaired, he must establish "either that: (1) despite having no impairment at all, the employer erroneously believes that the plaintiff has an impairment that substantially limits major life activities; or (2) the plaintiff has a nonlimiting impairment that the employer mistakenly believes limits major life activities." *Tice v. Ctr. Area Transp. Auth.*, 247 F.3d 506, 514 (3d Cir. 2001) (citing *Sutton v. United Air Lines, Inc.*, 527 U.S. 41, 489 (1999)).

Woods claims both that he suffers from an actual impairment and that Defendants perceived him as disabled. *See* (Compl. ¶¶ 7–8, 20, 24).[3] With respect to an actual impairment, Woods alleges he suffers from thoracic outlet syndrome but does not state this condition substantially limits any of his major life activities. To the contrary, he says only that he missed work one day because he experienced shoulder pain, which he does not explicitly link to his alleged impairment. Moreover, after going to the doctor, he told a manager he "would have no issues performing his job duties." These allegations do not establish an ADA disability.

Nor can Woods show he was regarded as disabled. He alleges merely that a sales manager asked him for a doctor's note and that another manager, albeit using profanity, said all was "okay" as long as Woods could do his job, something Woods assured him he could. None of this demonstrates Thompson erroneously believed Woods suffered a substantially limiting impairment or Woods was limited in any major

---

[3] Woods does not allege there exists a record of his disability or that he was terminated because of any record of his impairment. *See generally* (Compl.); *see also Koller*, 850 F. Supp. 2d at 514 n.8 ("[T]o be considered as having a 'record of such impairment' within the meaning of the ADA, a plaintiff must 'provide evidence that [defendant] relied upon [his] record of impairment in making its employment decision.") (quoting *Mohney v. Pennsylvania*, 809 F. Supp. 2d 384, 401 (W.D. Pa. 2011)).

6

life activities by a nonlimiting impairment.  His disability discrimination claims are dismissed accordingly.[4]

## IV

Federal Rule of Civil Procedure 15(a)(2) instructs courts to "freely give leave [to amend a complaint] when justice so requires," which "certainly includes amendment to cure defective allegations.  *Shifflett v. Korszniak*, 934 F.3d 356, 366 (3d Cir. 2019). Woods may amend the Complaint consistent with this Memorandum and to the extent he can allege facts sufficient to state plausible claims for relief.

An appropriate Order follows.


BY THE COURT:


 */s/ Gerald J. Pappert*

GERALD J. PAPPERT, J.

---

[4]     Unrelated to counsel's arguments on the Doe Defendants, Woods' claims against the Does are also dismissed.